OPINION
Defendant-appellant John Henry Butler appeals his conviction and sentence from the Stark County Court of Common Pleas on one count of receiving stolen property, in violation of R.C. 2913.51. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On December 16, 2000, the police arrested Defendant-Appellant after being called to the residence of Jeffery Tucker who stated that he found Defendant-Appellant lying across the front seat of his girlfriend's truck which was parked on the street. (T. at 95).
Upon searching Defendant-Appellant, the police found in his possession a few dollar bills, some change and a black belt belonging to a Mr. Bennet, whose vehicle had been broken into earlier in the evening. (T. at 103-112). The police also recovered a wallet containing Mr. Bennet's identification and a credit card from the front yard of Mr. Tucker, approximately twenty feet from where Defendant-Appellant was being detained by Mr. Tucker. (T. at 139). Mr. Tucker stated that he saw Defendant-Appellant throw the wallet into the yard. (T. at 92-100).
On January 17, 2001, Defendant-Appellant was indicted on one count of Receiving Stolen Property, in violation of R.C. § 2913.51, a felony of the fifth degree.
On February 13, 2001, a jury trial commenced in this matter.
At the close of evidence, defense counsel moved for acquittal pursuant to Crim. R. 29. The trial court denied said motion.
On February 13, 2001, the jury returned a verdict of guilty with the additional finding that the property involved in the case included a credit card.
By Entry dated February 16, 2001, the trial court sentenced appellant to a term of incarceration of eleven months in a correctional facility.
It is from this conviction and sentence that appellant brings this appeal, raising the following sole assignment of error:
 ASSIGNMENT OF ERROR APPELLANT'S CONVICTION ON ONE COUNT OF RECEIVING STOLEN PROPERTY IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I.
In his sole assignment of error, appellant argues that the jury verdict is against the manifest weight and sufficiency of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. See also, State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin, 20 Ohio App.3d at 175.
The jury convicted appellant of receiving stolen property, in violation of R.C. 2913.51. R.C. 2913.51 states: "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
Defendant-Appellant contends that the evidence at trial does not support a finding that he ever received Mr. Bennett's credit card. Defendant-Appellant argues that the jury should have believed his testimony over that of the other witnesses.
At trial, Jeffrey Tucker positively identified Defendant-Appellant as the person he pulled out of his truck. (T. at 100).Furthermore, Mr. Tucker testified that Defendant-Appellant removed what was later discovered to be Mr. Bennett's wallet and tried to give said wallet to him. (T. at 97-98). He stated that when he refused to take said wallet, Defendant-Appellant threw the wallet out into the front yard. (T. at 97-98). The owner of the wallet, Mr. Bennett, testified that his vehicle was broken into earlier that evening and that his wallet, a black belt, five or six CD's, a zippered pouch containing vehicle warranty information and about five dollars was stolen from the vehicle. (T. at 117). The police testified that they recovered Mr. Bennett's wallet from the front yard of Mr. Tucker (T. at 106), about 20 feet from Appellant and that upon searching Appellant, they found a black belt, a few dollars and some change. (T. at 108-109).
Defendant-Appellant testified that he never possessed Mr. Bennett's credit card or any of the other property stolen from Mr. Bennett's truck. (T. at 130-131, 140). On cross-examination, Defendant-Appellant admitted that he had previously been convicted of burglary. (T. at 134, 141).
No testimony or evidence was produced at trial impeaching the credibility of the victim or the investigating police officer.
We find that the jury's verdict was not against the manifest weight of the evidence and was supported by sufficient evidence. Based upon the evidence that was before the jury, we cannot say that the jury clearly lost its way or created a manifest miscarriage of justice.
Appellant's sole assignment of error is overruled.
Based on the foregoing, the judgment of the Stark County Common Pleas Court is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
By: BOGGINS, J., EDWARDS, P.J. and HOFFMAN, J. concurs.